**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Germaine Holloway,<br><br>Plaintiff,<br><br>v.<br><br>Eastbridge Workforce Solutions, et al.,<br><br>Defendants. | No. CV-18-00795-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendant Eastridge Workforce Solutions' Motion to Dismiss Plaintiff's Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1] (Doc. 43). Also pending before the Court are Plaintiff Germaine Holloway's Motion to Extend Deadline to Amend Statement of Claim (Doc. 47); Motion to Amend Statement of Claim (Doc. 48); Motion to Reinstate Dexcom as Defendant (Doc. 49); and Motion to Request Extension to Find Counsel (Doc. 50).

## BACKGROUND

This case arises out of Plaintiff's complaint initially filed on March 12, 2018, against Defendant Eastridge Workforce Solutions (Doc. 1), and later amended to include Defendant Dexcom (Doc 36). Plaintiff alleges discriminatory conduct related to termination of his employment, unequal terms and conditions of his employment, and retaliation. (Doc. 36 at 4). Plaintiff alleges that he was hired on June 14, 2017, by

---

[1] Defendant Eastridge Workforce Solutions notes in its motion that it was incorrectly named as "Eastbridge" in prior pleadings. (Doc. 43 at 1).

Defendant Eastridge to work for Dexcom as "a temp to hire employee." (Doc. 36 at 7). Plaintiff alleges that on June 19, 2017 (his first day of training at Dexcom), he asked Dexcom manager about changing his seat "due to coworker smelling of t[o]bacco, perfume, and leaning in on me, my chair invading my personal space," and was told that seating was permanent for three weeks of training. *Id.* Plaintiff alleges on June 20th that he asked Eastridge about seating, to which they responded that they would request a change. *Id.* Plaintiff also alleges that he complained at a company meeting on June 23rd that employees were smoking too close to the building. *Id.* Plaintiff alleges that he filed a formal complaint with Eastridge for sexual harassment on June 26th, and that on July 7th, he was called by a manager at Defendant Eastridge and told that the harassment complaint was "uncorroborated" and that he was terminated. *Id.* at 7–8.

In his amended complaint, Plaintiff indicates that he is bringing this action pursuant to Title VII of the Civil Rights Act of 1964, codified as 42 U.S.C. §§ 2000e to 2000e-17, on the basis of race and gender. (Doc. 36 at 3). Plaintiff further states that he was discriminated against based on his race as "no action because a black man complained," and based on his gender/sex as "no action because a man complained about a woman." (Doc. 36 at 4). Plaintiff also alleges to have received a "Notice of Right to Sue" letter from the Equal Employment Opportunity Commission ("EEOC"), and attaches a letter from the EEOC to the complaint. (Doc. 36 at 5, 10).

**DISCUSSION**

**I. MOTION TO DISMISS**

Defendant Eastridge asks the Court to dismiss Plaintiff's "Third Amended Complaint (Doc. 36) under Rule 12(b)(6) of the Federal Rules of Civil Procedure." (Doc. 43 at 1). As a preliminary matter, while Defendant Eastridge asserts that Doc. 36 is Plaintiff's "Third Amended Complaint," the Court will consider Doc. 36 as Plaintiff's "First Amended Complaint" for the following reasons. Plaintiff's original complaint was filed on March 12, 2018. (Doc. 1). Thereafter, Plaintiff filed two motions to amend his complaint, (Docs. 19, 24), along with proposed amended complaints. (Docs. 19-1, 25).

However, in Chief Judge Snow's October 15, 2018 order, Plaintiff's original complaint was dismissed pursuant to 28 U.S.C. § 1915(e)(2), and Chief Judge Snow ordered that Plaintiff's Motions to Amend (Docs. 19, 24) be denied as moot. (Doc. 35 at 3). Furthermore, in a subsequent order, Chief Judge Snow stated that "Plaintiff filed his First Amended Complaint (Doc. 36) and after review, the Court will allow Plaintiff to move forward with service of the Summons and Amended Complaint." (Doc. 39 at 1). The Court will therefore consider Doc. 36 as Plaintiff's First Amended Complaint ("FAC").

Defendant Eastridge also states that it is "unclear whether the Court's November 20, 2018 order requiring service of the Third Amended Complaint constituted screening, or if the Court will screen the Third Amended Complaint." (Doc. 43 at 2). The Court considers Doc. 36 as screened by the November 20, 2018 order (Doc. 39).

### A. Legal Standard

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Rule 8's pleading standard demands more

than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

"A party does not need to plead specific legal theories in the complaint, as long as the opposing party receives notice as to what is at issue in the lawsuit." *Elec. Constr. & Maint. Co. v. Maeda Pac. Corp.*, 764 F.2d 619, 622 (9th Cir.1985) (citing *Am. Timber & Trading Co. v. First Nat'l Bank of Or.*, 690 F.2d 781, 786 (9th Cir. 1982)). "The complaint should not be dismissed merely because plaintiff's allegations do not support the legal theory he intends to proceed on, since the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." *Pruitt v. Cheney*, 963 F.2d 1160, 1164 (9th Cir. 1991), *amended* (May 8, 1992) (quoting 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1357 at 336–37 (1990)). Furthermore, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Rivera v. Coventry Health & Life Ins. Co.*, No. CV-15-02213-PHX-GMS, 2016 WL 3548763, at *2 (D. Ariz. June 30, 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Courts should "continue to construe *pro se* filings liberally when evaluating them under *Iqbal*." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

### B. Counts 1 and 3 (Retaliation)

Plaintiff's first claim is for "Termination of [his] employment." (FAC at 8). Plaintiff states that termination was "for fear of my health department, etc agency complaint of t[o]bacco contamination and my sexual harassment complaint," and that he was deemed a whistleblower and terminated. *Id.* Plaintiff's third claim is for "retaliation," specifically stating that "Dexcom and EWS in tandem retaliated against my whistleblowing and sexual harassment complaint by terminating me because I was a threat to their profits, I can imagine." *Id.* Since both counts appear to involve allegations of retaliation because

- 4 -

of complaints filed by Plaintiff, the Court will consider Counts 1 and 3 together.

1. <u>Smoking Complaint</u>

Defendant Eastridge responds that it "cannot reasonably discern what law it has allegedly violated," but acknowledges that Plaintiff references Title VII of the Civil Rights Act of 1964 in his complaint. (Doc. 43 at 5). Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII), prohibits employers from discriminating against an employee based on race, color, religion, sex, or national origin. Title VII also prohibits retaliation against an employee for (1) opposing an unlawful employment practice or (2) participating in a Title VII proceeding. 42 U.S.C. § 2000e-3(a); *see also Crawford v. Metro. Gov't of Nashville & Davidson County*, 555 U.S. 271, 274 (2009) (noting that the first clause of § 2000e-3(a) is known as the "opposition clause," while the second clause is known as the "participation clause"). "The filing of a charge of discrimination with the EEOC is a protected activity, as is the filing of an internal complaint alleging a Title VII violation." *Ramirez v. Mitel (Delaware) Inc.*, No. CV-16-00029-PHX-DGC, 2017 WL 770010, at *5 (D. Ariz. Feb. 28, 2017) (citing *Bouman v. Block*, 940 F.2d 1211, 1228 (9th Cir. 1991)); *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 963 (9th Cir. 2009)).

Defendant Eastridge asserts that Plaintiff's claim regarding his complaint about smoking too close to the building "fails to allege an unlawful employment practice covered by Title VII." (Doc. 43 at 5). Plaintiff alleges that "at a company meeting [he] complained that employees were smoking too close to building." (FAC at 7). The Court agrees with Defendant Eastridge that Plaintiff's complaint regarding smoking did not constitute Plaintiff opposing an unlawful employment practice, nor did it amount to participating in a Title VII proceeding. *See* 42 U.S.C. § 2000e-3(a).

In his response to Defendant's Motion to Dismiss, Plaintiff raises multiple statutes.[2]

---

[2] Plaintiff also cites to *Gomez-Perez v. Potter*, 553 U.S. 474 (2008) asserting that the opinion "covers retaliation." Plaintiff does not cite to any particular page or statement from *Gomez-Perez*. The question before the Supreme Court in *Gomez-Perez* was "whether a federal employee who is a victim of retaliation due to the filing of a complaint of age discrimination may assert a claim under the federal-sector provision of the Age Discrimination in Employment Act of 1967 (ADEA) . . . ." *Id.* at 477. The facts of that case and the pertinent holding are not applicable to Plaintiff's allegations.

First, Plaintiff offers "ARS 23-245," yet no such statute exists. (Doc. 46). It is possible that Plaintiff transposed the numbers in an attempt to cite A.R.S. § 23-425, Arizona's prohibition on employee discharge or discrimination under its Employment Practices and Working Conditions statute, which prohibits adverse employment action "against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this article[.]" A.R.S. § 23–425(A). Second, Plaintiff raised A.R.S. § 23-1501, Arizona's Equal Protection ACT ("AEPA"), which "provides a cause of action for wrongful termination when an employer 'has terminated the employment relationship of an employee in violation of a statute of this state.'" *Brown v. Litchfield Elementary Sch. Dist. No. 79*, No. CV-10-2808-PHX-GMS, 2012 WL 642453, at *3 (D. Ariz. Feb. 29, 2012) (quoting A.R.S. § 23-1501(3)).

Yet Defendant Eastridge asserts that "Plaintiff has not alleged he complained to Eastridge, let alone what he said or how Eastridge responded." (Doc. 53 at 3). Plaintiff's sole allegation was that "at a company meeting [he] complained that employees were smoking too close to building." (FAC at 7). Plaintiff does not state who was at the meeting or when or where the meeting was. Plaintiff then makes conclusory statements that he was terminated "for fear of [his] health department, etc agency complaint of t[o]bacco contamination[.]" (FAC at 8). Plaintiff makes no allegations that he filed any such complaint, internally or externally. In his Response, Plaintiff said that he "Informed I'm obligated to report violation." (Doc. 46). This allegation was not in the FAC, but had it been, it would still not be sufficient to support a claim. Even if Plaintiff succeeds in setting forth a cognizable legal theory, his complaint must still contain "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff has failed to state a claim for relief that is "plausible on its face" based on his allegations pertaining to smoking near the building.

### 2. Sexual Harassment Complaint

Defendant Eastridge asserts that Plaintiff has not pled a prima facie case of retaliation based on his sexual harassment complaint. (Doc. 43 at 5–6). In order to

establish a prima facie case of retaliation under Title VII, "the employee must show [1] that he engaged in a protected activity, [2] he was subsequently subjected to an adverse employment action, and [3] that a causal link exists between the two." *Dawson v. Entek Int'l*, 630 F.3d 928, 936 (9th Cir. 2011). Defendant Eastridge does not argue that Plaintiff has pled that he was subjected to an adverse employment action. *See Davis v. Team Elec. Co.*, 520 F.3d 1080, 1094 (9th Cir. 2008) (noting that an employee being laid off was clearly an adverse employment action). Defendant Eastridge does however argue that Plaintiff (1) did not engage in a protected activity and (2) has not pled a causal connection between his sexual harassment complaint and his termination.

First, Defendant Eastridge argues that Plaintiff did not engage in a protected activity under Title VII because his "complaint to Eastridge regarding [the alleged] actions by Dexcom does not constitute a complaint based on sex," and therefore his "termination cannot constitute retaliation in violation of Title VII because he did not engage in [a] protected activity." (Doc. 43 at 6). "The participation clause [of § 2000e-3(a)] is broadly construed to protect employees who utilize the tools provided by Congress to protect their rights." *Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988) (citing *Sias v. City Demonstration Agency*, 588 F.2d 692, 695 (9th Cir. 1978)). "[I]t is not necessary to prove that the underlying discrimination in fact violated Title VII in order to prevail in an action charging unlawful retaliation." *Id.*; *see also Sias*, 588 F.2d at 695 ("It is well settled that the participation clause shields an employee from retaliation regardless of the merit of his EEOC charge."). However, "[t]he mere fact that an employee is participating in an investigation or proceeding involving charges of some sort of discrimination . . . does not automatically trigger the protection afforded[.]" *Id.* "[T]he underlying discrimination must be *reasonably perceived* as discrimination prohibited by Title VII." *Id.* (emphasis added); In order to determine whether Plaintiff engaged in a protected activity, this Court must therefore determine if Plaintiff's sexual harassment complaint can be *reasonably perceived* as discrimination prohibited by Title VII.

Here, Plaintiff alleges that he filed an internal complaint for sexual harassment and

- 7 -

that he asked to move his seat "due to coworker smelling of t[o]bacco, perfume, and leaning in on me, my chair invading my personal space." (FAC at 7). Plaintiff's discrimination complaint on its face is unlike cases where plaintiffs' complaints are not based at all on discrimination of a protected class. *See, e.g.*, *Leon v. Danaher Corp.*, No. CV 10-587-TUC-DCB (HCE), 2011 WL 13190172, at *10 (D. Ariz. June 29, 2011), R. & R. *adopted by*, No. CV 10-587-TUC-DCB, 2011 WL 13190190 (D. Ariz. Aug. 31, 2011), *aff'd*, 474 F. App'x 591 (9th Cir. 2012) (finding that plaintiff failed to state a claim for retaliation when his underlying discrimination complaints regarded safety issues at his place of employment, not discrimination under Title VII). Plaintiff's discrimination complaint specifically alleges he was discriminated against because of his sex. However, "[t]o be reasonable, a plaintiff's *subjective* belief alone is not sufficient; rather, a plaintiff's belief must be *objectively* reasonable." *McAllister v. Adecco USA Inc.*, No. CV 16-00447 DKW-KJM, 2018 WL 6112956, at *8 (D. Haw. Nov. 21, 2018). Defendant argues that Plaintiff's "complaint to Eastridge regarding the [alleged actions] by Dexcom does not constitute a complaint based on sex," and the Court agrees. *See Ryan v. Vibra Specialty Hosp. of Portland, LLC*, No. 3:16-CV-00564-YY, 2017 WL 8948242, at *7 (D. Or. May 26, 2017), R. & R. *adopted by*, No. 3:16-CV-00564-YY, 2017 WL 3388171 (D. Or. Aug. 4, 2017) (doubting that plaintiff's allegations of an individual "leaning up against her at her desk" were sexual in nature); *Jernigan v. Alderwoods Grp., Inc.*, 489 F. Supp. 2d 1180, 1193 (D. Or. 2007) ("Simple teasing, offhand comments, or isolated incidents, unless very serious, do not show discriminatory changes in the terms and conditions of employment."). Even taking Plaintiff's allegations as true and construing the allegations in the light most favorable to Plaintiff, the Court finds that the allegations in Plaintiff's sexual harassment complaint could not be "reasonably perceived as discrimination prohibited by Title VII," and Plaintiff has therefore not sufficiently pled that he engaged in a protected activity by filing an internal complaint for sexual harassment. *See McAllister*, 2018 WL 6112956, at *8 ("[I]f no reasonable person could have believed that the underlying incident complained about

constituted unlawful discrimination, then the complaint is not [a] protected [activity].") (alterations in original). Having found that Plaintiff did not plead that he engaged in a protected activity, the Court need not proceed to the remainder of Defendants arguments.

**C. Count 2**

Plaintiff next alleges "unequal terms and conditions of [his] employment," noting that "Dexcom refused to move a man uncomfortable by a woman[']s harassment" and that "considering the inverse, they would have acted expeditiously." (FAC at 8). Defendant Eastridge first argues that "Plaintiff fails to allege this claim against Eastridge, and it should be dismissed against Eastridge on this basis alone." (Doc. 43 at 6). The Court agrees that this allegation appears to be only against Dexcom, and the claim should be dismissed for that reason. The Court with nevertheless analyze Defendant Eastridge's next argument that even assuming Plaintiff has sufficiently made this claim against Defendant Eastridge, if Plaintiff is asserting a hostile work environment claim, such a claim fails as a matter of law. (Doc. 43 at 7).

"An employer is liable under Title VII for conduct giving rise to a hostile environment where the employee proves (1) that he was subjected to verbal or physical conduct of a harassing nature, (2) that this conduct was unwelcome, and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1206 (9th Cir. 2016) (quoting *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1109–10 (9th Cir.2000)). "Conduct must be extreme to amount to a change in the terms and conditions of employment." *Id.* (quoting *Montero v. AGCO Corp.*, 192 F.3d 856, 860 (9th Cir.1999)). "Courts are to determine whether an environment is sufficiently hostile or abusive by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Kortan*, 217 F.3d at 1110 (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88 (1998)) (internal quotation marks omitted).

In *Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003), the Ninth Circuit held that the conduct complained of "was not severe or pervasive enough to constitute a hostile work environment and thus did not violate Title VII." The court noted that plaintiff in that case had provided specific factual allegations regarding only a few incidents, and that "[w]hen compared to other hostile work environment cases, the events [were] not severe or pervasive enough to violate Title VII." *Id.* at 642–43. The court then discussed the allegations in other cases where conduct was considered severe or pervasive. *Id.* at 643–44. The court noted that in *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, (9th Cir. 1998), it was held "that defendant created a hostile work environment where the plaintiff's supervisor made repeated sexual remarks about the plaintiff over a two-year period, calling her 'gorgeous' and 'beautiful' rather than her name, telling her about his sexual fantasies and his desire to have sex with her, commenting on her 'ass,' and asking over a loudspeaker if she needed help changing clothes." *Id.* at 643. The court also noted that in *Nichols v. Azteca Restaurant Enterprises, Inc.*, 256 F.3d 864 (9th Cir. 2001), the court similarly held that defendant created a hostile work environment where "male employee of the restaurant was subjected to a relentless campaign of insults, name-calling, vulgarities, and taunts . . . by male co-workers and supervisors at least once a week and often several times a day." *Id.* In contrast, the court cited *Kortan v. California Youth Authority*, 217 F.3d 1104, 1106 (9th Cir. 2000), noting that no hostile work environment was found after supervisor called female employees offensive names on several occasions. *Id.* at 643–44. Furthermore, this Court has distinguished a Plaintiff's allegations of racially charged comments made twice each week for several months from allegations in cases with "largely isolated, sporadic, or undescribed incidents." *Lamptey v. Corr. Corp. of Am.*, No. CV-13-02156-PHX-NVW, 2014 WL 2616455, at *4 (D. Ariz. June 12, 2014) (collecting cases).

Here, Plaintiff has alleged only that his coworker was "leaning in on me, my chair invading my personal space" on his first day of training at Dexcom. (FAC at 7). Comparing these allegations to other cases in the Ninth Circuit, this Court finds that

- 10 -

Plaintiff did not allege frequent or severe conduct. Plaintiff has therefore not sufficiently pled a claim for hostile work environment. For all of the above reasons, Plaintiff's second count is dismissed for failure to state a claim upon which relief may be granted.

**D. Count 2A**

In addition to the allegations in Count 2, Plaintiff alleges a second claim for "unequal terms of employment." (FAC at 8). Specifically, Plaintiff alleges that "had the race of myself, black, and coworker, white, been reversed, Dexcom and EWS would have acted to protect." *Id.* Defendant Eastridge asserts that Plaintiff only alleges bare conclusions failing to meet the *Iqbal/Twombly* standard. (Doc. 43 at 8). Defendant Eastridge also argues that "Plaintiff failed to exhaust his administrative remedies with regard to his race claim because he did not allege race discrimination in his EEOC charge." (Doc. 43 at 8; Doc. 44-1).[3]

"To establish subject matter jurisdiction over [a] Title VII . . . claim, [Plaintiff] must have exhausted his administrative remedies by filing a timely charge with the EEOC." *Vasquez*, 349 F.3d at 644 (citing 42 U.S.C. § 2000e-5). "Subject matter jurisdiction

---

[3] "As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). "[A] court may [however] consider extrinsic documents not expressly referenced in the complaint without converting the motion to a summary judgment motion if: (1) the document's authenticity is not contested, and the plaintiff's complaint necessarily relies on the document or (2) if the document is a matter of public record of which the Court may take judicial notice." *Spina v. Maricopa Cty. Dep't of Transp.*, No. 05-CIV-0712-PHX-SMM, 2007 WL 4168438, at *2 (D. Ariz. Nov. 20, 2007) (citing *Lee*, 250 F.3d at 688). The Court will take judicial notice of Plaintiff's EEOC charge (Doc. 44-1) because (1) the authenticity is not contested and plaintiff relies on the EEOC charge because he attached a letter from the EEOC regarding the charge to his FAC and (2) the EEOC charge is a matter of public record. *See U.S. E.E.O.C. v. Glob. Horizons, Inc.*, 860 F. Supp. 2d 1172, 1193 n.5 (D. Haw. 2012) (taking judicial notice of an EEOC charge); *Spina*, 2007 WL 4168438, at *2 (taking judicial notice of three EEOC charges attached to a motion to dismiss); *Zhang v. Honeywell Int'l Inc.*, No. 06-1181-PHX-MHM, 2007 WL 2220490, at *1, n.1 (D. Ariz. Aug. 1, 2007) (taking judicial notice of an EEOC charge); *Dugay v. JPMorgan Chase*, No. CIV 06-1663- PHX-RCB, 2006 WL 3792043, at *2 (D. Ariz. Dec. 20, 2006) (same).

extends to all claims of discrimination that fall within the scope of the EEOC's actual investigation or an EEOC investigation that could reasonably be expected to grow out of the charge." *Id.* In determining whether a claim is reasonably related to the EEOC charge, the Court "may consider 'such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred.'" *Id.* (quoting *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002)). The Court should "consider a plaintiff's claims to be reasonably related to allegations in the charge 'to the extent that those claims are consistent with the plaintiff's original theory of the case,' . . . as reflected in the plaintiff's factual allegations and his assessment as to why the employer's conduct is unlawful." *Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002) (quoting *B.K.B.*, 276 F.3d at 1100).

Here, Plaintiff makes no reference of race discrimination in his EEOC charge. (*See* Doc. 44-1). The only basis of the discrimination noted in his EEOC charge is sex. *Id.* ("I believe I was discriminated against because of my sex (male) and retaliated against for engaging in protected activity[.]"). Considering that the allegation of race discrimination is not the same basis as the sex discrimination basis alleged in the EEOC charge, Plaintiff has failed to exhaust his administrative remedies in regard to his race discrimination claims. *See Ton v. Santa Cruz County*, No. CV 10-644-TUC-AWT, 2014 WL 11515633, at *6, n.3 (D. Ariz. Nov. 4, 2014) (finding that the charge at issue could be expected to grow out of the allegations in plaintiff's EEOC charge because "[i]t involved the same basis of discrimination, dates alleged in the Charge, perpetrator, and location"); *Hill v. City of Phoenix*, No. CV-13-02315-PHX-DGC, 2014 WL 4980001, at *4 (D. Ariz. Oct. 6, 2014) ("Even when construed with the utmost liberality, Plaintiff's EEOC charge simply does not contain allegations of sex discrimination, age discrimination, and retaliation."); *Marasco v. Arizona Bd. of Regents*, No. CV-12-01750-PHX-FJM, 2013 WL 4029167, at *2 (D. Ariz. Aug. 8, 2013) (finding plaintiff's allegations reasonably related to the allegations plaintiff made in the charge he submitted to the EEOC and noting that the

- 12 -

alleged basis of the discrimination was the same). Accordingly, Count 2A is dismissed.

**II.     MOTION TO EXTEND DEADLINE TO AMEND STATEMENT OF CLAIM**

In Doc. 47, Plaintiff asks the Court to "extend time to amend [his] statement of claim so that it aligns with Federal Rules of Procedure[]."[4] However, the Court has not recently issued any leave for Plaintiff to file an amended complaint or imposed any such deadline. The last order granting leave to amend was issued by Chief Judge Snow on October 15, 2018. (Doc. 35). In that order, Plaintiff's Complaint was dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to comply with Rule 8, and Plaintiff was given until November 14, 2018 to file an amended complaint. (Doc. 35 at 3). Plaintiff did file a document on November 14, 2018, which appears to be Plaintiff's Amended Complaint. (Doc. 36). There is, therefore, no pending deadline for the Court to extend.

In response to this motion, Defendant Eastridge appears to interpret this request in conjunction with Plaintiff's Motion to Amend Statement of Claim (Doc. 48) as asking for "an open-ended extension to file another amendment." (Doc. 52 at 3). The Court will however treat Plaintiff's Motion to Extend Deadline to Amend Statement of Claim (Doc. 47) as an individual motion, and address Plaintiff's Motion to Amend Statement of Claim (Doc. 48) separately. Plaintiff's Motion to Extend Deadline to Amend Statement of Claim (Doc. 47) is therefore denied.

**III.    MOTION TO AMEND STATEMENT OF CLAIM &
         MOTION TO REQUEST EXTENSION TO FIND COUNSEL**

In Doc. 48, Plaintiff asks to "amend statement of claim," and asks the Court to "consider [his] amended complaint after receiving proper counsel or had time to absorb Federal Rules of Procedure." In a similar motion, Plaintiff asks the Court "to grant [him] substantial time to find adequate counsel." (Doc. 50).[5] In response, Defendant Eastridge asserts that this "case has been pending for 10 months," and that "Plaintiff has had multiple

---

[4] Plaintiff cites "rule 5.3" as the legal support for this motion. (Doc. 47). Plaintiff may be referencing Arizona Rules of Civil Procedure Rule 5.3, "Duties of Counsel and Parties." Rule 5.3 concerns matters such as the attorney of record, withdrawal and substitution of counsel, and other matters of representation, none of which appear applicable to Plaintiff's motion.
[5] Plaintiff also cites "rule 5.3" as the legal support for these motions (Docs. 48, 50). Arizona Rules of Civil Procedure Rule 5.3 does not appear applicable to these motions.

- 13 -

opportunities and ample time to become familiar with the Federal Rules of Civil Procedure[.]" (Doc. 52 at 3–4). Defendant Eastridge further asserts that Plaintiff "has had over ten months to find and retain counsel," and that the Court "directed Plaintiff to legal aid resources." (Doc. 52 at 3, 5).

"After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)). "Generally, Rule 15 advises the court that leave shall be freely given when justice so requires." *Id.* (quotation marks omitted). "The power to grant leave to amend . . . is entrusted to the discretion of the district court, which determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Weber v. Allergan Inc.*, No. CV-12-02388-PHX-SRB, 2016 WL 8114210, at *2 (D. Ariz. Feb. 17, 2016) (quotation marks omitted) (citing *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010)); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("A trial court may deny [a motion for leave to amend] if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit."). "A district court does not err in denying leave to amend where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009). Additionally, Local Rule 15.1 requires that the party seeking leave to amend "must attach a copy of the proposed amended pleading as an exhibit to the motion[.]"[6]

It appears from these two motions that Plaintiff is requesting an indefinite amount of time to retain counsel and subsequently amend his complaint. The Court holds that granting such a request would cause "undue delay" as Plaintiff has already been granted leave to file an amended complaint, and this case has been pending for almost one year. Additionally, after reviewing Plaintiff's "Addendum," Doc. 51, the Court holds that

---

[6] While the Plaintiff did not attach a copy of the proposed amended pleading as an exhibit to his motion, he shortly thereafter filed an "Addendum to Statement of Claim." (Doc. 51). For the sake of this motion, the Court will consider Plaintiff's Addendum as the proposed amended pleading.

1 allowing Plaintiff to further amend the complaint would be futile. Plaintiff's addendum
2 does not contain information sufficient to correct the deficiencies previously identified in
3 the FAC.[7] Accordingly, Plaintiff's Motion to Amend Complaint (Doc. 48) and Motion to
4 Request Extension to Find Counsel (Doc. 50) are denied.

### IV. MOTION TO REINSTATE DEXCOM

Plaintiff asks the Court to "to reinstate Dexcom as a properly served defendant as [he] has physical proof of service ie video/pictures." (Doc. 49). Plaintiff further states that "service for Dexcom was deemed valid by previous Judge precedent." *Id.*

Dexcom was terminated as a Defendant on December 27, 2018 pursuant to an order from Chief Judge Snow. (Doc. 39). In that order, Chief Judge Snow permitted Plaintiff to move forward with service of summons and the amended complaint and ordered the Clerk of Court "to terminate **any or all** Defendants in this matter, without further notice, that have not been served" by December 20, 2018. (Doc. 39 at 2). Accordingly, the Clerk of Court proceeded to terminate Defendant Dexcom on December 27, 2018, as no affidavit of serviced was filed with the Court.

In response to Plaintiff's motion, Defendant Eastridge asserts that Plaintiff has not filed proof of service on Dexcom on the Court's docket. (Doc. 52 at 5). The Court agrees with Defendant that the docket does not contain proof of service on Dexcom. Defendant Eastridge also contests Plaintiff's statement that the Court ordered that Dexcom was properly served. (Doc. 52 at 5–6). In reviewing the docket, no such document is found. Plaintiff may be referencing Doc. 20, which granted Plaintiff's motion for extension of time to effect service and considered service on Eastridge timely. That order, however, does not pertain to Dexcom.

---

[7] As noted above, before Plaintiff filed his FAC, Plaintiff moved for leave to amend the complaint twice, but both motions were denied as moot. (Doc. 35). In addition to the "addendum" that Plaintiff is attempting to file now (Doc. 51), the Court has also reviewed the previously proposed amended complaints that Plaintiff filed on the docket. In Doc. 25, Plaintiff alleges a few additional factual allegations, but none of which cure the previously noted deficiencies. (Doc. 25) (alleging that female coworker was "violating personal space, touching my personal items, stalking showing up at bathroom and cafeteria at the same time, placing feet on my chair to prevent me from allowing more space between our seats, leaning over my shoulder and excessive perfume/tobacco scents").

Pursuant to Fed. R. Civ. P. 4(l) "[f]ailure to prove service does not affect the validity of service." Plaintiff did not file proof of service with his motion for reinstatement, and merely relied on his statement that he has physical proof of service. The Court will not rule on this motion at this time, but rather will give Plaintiff fourteen days to file with the Court proof of timely service on Dexcom. *See Pryzblyski v. Stumpf*, No. CV-10-8073-PCT-GMS, 2011 WL 31194, at *3 (D. Ariz. Jan. 5, 2011) (granting Plaintiff thirty additional days in which to file proof of appropriate service).

Accordingly,

**IT IS ORDERED:**

1. Defendant Eastridge's Motion to Dismiss (Doc. 43) is **GRANTED**.
2. Plaintiff's Motion to Extend Deadline to Amend Statement of Claim (Doc. 47) is **DENIED**.
3. Plaintiff's Motion to Amend Statement of Claim (Doc. 48) is **DENIED**.
4. Plaintiff's Motion to Request Extension to Find Counsel (Doc. 50) is **DENIED**.
5. Plaintiff has up and until March 19, 2019 (fourteen days from the date of this order) to file timely proof of service on Defendant Dexcom. The Court declines to rule on Plaintiff's Motion to Reinstate Dexcom as Defendant (Doc. 49) until after March 19, 2019.

Dated this 5th day of March, 2019.

Honorable Susan M. Brnovich
United States District Judge